IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY GAINES,

        Plaintiff,                    No. CIV S-05-0336 FCD GGH P

   vs.

K. PROSPER, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2005, the court dismissed the complaint with leave to amend. Pending before the court is the amended complaint filed April 22, 2005. Named as defendants are K. Prosper, J. Briddle, J. Schores, D. Salzman, D. Granlees, B. Hall, W. Tyler, J. Crawford, C. Griffith, S. Ransdell and Dr. Pomazol.

        Plaintiff alleges that in October 2004 he was placed at the Arnold Unit Minimum Support Facility. At that time, defendant Salzman told plaintiff that he did not allow inmates with lower bunk chronos at the Arnold Unit. Plaintiff was sent to the two yard gym.

        Plaintiff filed an ADA grievance claiming that he should be housed at the Arnold Unit. Defendant Schores granted the grievance and plaintiff returned to the Arnold Unit. Upon his return, defendant Salzman telephoned defendant Briddle and told him that plaintiff could not

1

be at the Arnold Unit because he used a C-Pap machine which required a back-up generator. Defendant Briddle transferred plaintiff to the infirmary even though he knew the Arnold Unit had a back-up generator. Plaintiff filed another ADA grievance, which defendant Schores again granted.

On November 10, 2004, plaintiff returned to the Arnold Unit. On November 25, 2004, defendant Tyler woke plaintiff up at 11:25 p.m. and took plaintiff to the office. Defendant Crawford arrived and put handcuffs on plaintiff then told him that he was charged with a serious rules violation, possession of an inmate manufactured weapon. Plaintiff was then placed in administrative segregation (ad seg).

Defendant Granless found plaintiff guilty of the rules violation after denying plaintiff's request for a witness. Defendant Granless also stated that he did not need to see the weapon because of how the reporting employee described it. Defendant Granless assessed plaintiff 360 days of time credits and ordered him to spend time in the Security Housing Unit (SHU).

On February 10, 2005, plaintiff appeared before a classification committee which included defendants Prosper and Schores. At the hearing, defendant Schores stated that the weapon plaintiff was found guilty of possessing was just a fingernail file. Defendant Schores asked that the plaintiff's SHU term be suspended.

Plaintiff filed an administrative appeal regarding the rules violation. Defendant Ransdall did not timely respond to the appeal. Plaintiff filed an appeal addressed to the Warden, defendant Prosper. This appeal was returned with the signature of the associate warden.

While serving his SHU term, defendant Pomazol issued a chrono stating that plaintiff could not be at the Arnold Unit, apparently for medical reasons. Plaintiff alleges that defendant Pomazol falsified documents in support of the chrono.

As legal claims, plaintiff alleges that defendants violated the Americans with Disabilities Act (ADA), and the Fourteenth and Eighth Amendments.

The court first considers plaintiff's ADA claim. The ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I), public services (Title II), and public accommodations (Title III). PGA Tour, Inc. v. Martin, 532 U.S. 661, 674, 121 S. Ct. 1879 (2001). The court construes plaintiff's ADA claim as having been made pursuant to Title II.

Title II prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's service, programs or activities; 3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Plaintiff's ADA claim is apparently based on defendants' refusal to house him at the Arnold Unit. Plaintiff does not allege what programs at the Arnold Unit he was excluded from that he could not receive at other sections of the prison. Without this information, the court cannot determine whether plaintiff has stated a colorable ADA claim. If plaintiff wanted to be housed at the Arnold Unit based on reasons unrelated to his access to programs, such as the Arnold Unit had better food, then he would not state an ADA claim. Accordingly, the ADA claim is dismissed with leave to amend.

Plaintiff also appears to claim that he was denied due process at his disciplinary hearing when he was not permitted to call witnesses. Plaintiff also suggests that the guilty finding was not supported by sufficient evidence.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county

officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.  Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck.

Plaintiff's claims regarding the disciplinary hearing implicate the validity of the guilty finding, for which he was assessed time credits.  These claims are barred unless the guilty finding has been invalidated, expunged or reversed.  Accordingly, these claims are dismissed with leave to amend.  Plaintiff should include these claims in an amended complaint only if they are not barred by Heck and Edwards.

1  Plaintiff also suggests that his transfer away from the Arnold Unit was retaliatory.
2  In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for
3  the exercise of protected conduct was the "substantial" or "motivating" factor behind the
4  defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989);
5  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The plaintiff must also plead facts which
6  suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.
7  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)(citing Rizzo at 532). Verbal harassment alone
8  is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).
9  However, even threats of bodily injury are insufficient to state a claim, because a mere naked
10 threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.
11 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege
12 specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."
13 Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

14  In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts
15 should defer "to prison officials in the evaluation of proffered legitimate penological reasons for
16 conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472,
17 115 S. Ct. 2293 (1995)).

18  While plaintiff claims that he was transferred away from the Arnold Unit for false
19 reasons, he does not allege why defendants were motivated to remove him from the Arnold Unit
20 in the first place. That defendants removed him from the Arnold Unit for unmeritorious medical
21 reasons does not, standing alone, state a retaliation claim. Accordingly, this claim is dismissed
22 with leave to amend. In the second amended complaint, if plaintiff is stating a retaliation claim
23 against defendant Salzman for example, he must allege what protected conduct he was engaged
24 in that motivated defendant Salzman to have him removed from the Arnold Unit on false medical
25 grounds.
26 /////

Plaintiff also alleges that defendants Ransdell and Prosper did not properly process his administrative grievances. Inmates lack a constitutional entitlement to a specific grievance procedure. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, the due process claims against defendants Ransdell and Prosper based on their processing of his administrative grievances are without merit.

Plaintiff may also be claiming that he was denied due process when he was transferred away from the Arnold Unit. Due process is limited to conduct that amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). Plaintiff does not allege that his transfer to the two yard gym or the infirmary resulted in him suffering atypical and significant hardships in relation to the ordinary incidents of prison life, and the court doubts that plaintiff could state such a claim.

Plaintiff alleges that defendants violated the Eighth Amendment by charging him with a false rules violation report, placing him in ad seg and assessing him 360 days of time credits. The Eighth Amendment, which prohibits cruel and unusual punishment, imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. <u>Osolinski v. Kane</u>, 92 F.3d 934, 936 (9th Cir. 1996). Plaintiff's claims do not implicate the Eighth Amendment.

The legal basis of plaintiff's claim against defendant Pomazol is unclear. That defendant Pomazol prepared a chrono falsely stating that plaintiff was not medically eligible to be housed at the Arnold Unit does not state an Eighth Amendment claim. Nor does plaintiff allege that defendant was motivated by retaliation. Accordingly, the claims against defendant Pomazol are dismissed with leave to amend.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In

certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint filed April 22, 2005, is dismissed with thirty days to file a second amended complaint;

2. Plaintiff's April 22, 2005 motion for the appointment of counsel is denied.

DATED:  5/23/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:bb
gai336.ame