IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY GAINES,

    Plaintiff,                        No. CIV S-05-0336 FCD GGH P

    vs.

K. PROSPER, et al.,

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

                                 /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA).  On May 23, 2005, the court dismissed the amended complaint with leave to file a second amended complaint.  Pending before the court is the second amended complaint filed August 22, 2005.  For the following reasons, the court recommends that this action be dismissed.

        Named as defendants are Correctional Lieutenant Salzman, Associate Warden Briddle, Lieutenant Hall, Sergeant Tyler, Correctional Officer Crawford, Correctional Officer Griffith, Lieutenant Granlees, Lieutenant Glenn, Facility Captain Schores, Warden Prosper and Chief of Inmate Appeals Grannis.

        This second amended complaint is divided into four different "adverse actions." In adverse action one, plaintiff alleges that he was placed in the Arnold Unit where he had a

1

placement score of eight points and was eligible for level one custody minimum B placement outside the prison walls.  Plaintiff alleges that he benefitted from the programs available to inmates in the Arnold Unit.  In particular, plaintiff alleges that he was entitled to a better paying job.

Defendant Salzman charged plaintiff with a rules violation after they had a verbal altercation.  Following that incident, defendant Salzman did not like plaintiff.  Plaintiff alleges that he had a lower bunk chrono because he used a C-Pap breathing machine.  Plaintiff claims that defendant Salzman rolled him up for having the lower bunk chrono and ordered him placed on a different yard in violation of the ADA.

While on the other yard, plaintiff wrote a grievance against defendant Salzman.  After reviewing the grievance, defendant Schores granted plaintiff's request to return to the Arnold Unit.

In adverse action two, plaintiff alleges that upon his return to the Arnold Unit, defendant Salzman said, "What are you doing here back on my yard?"  Defendant Salzman then went to defendant Briddle and told him that plaintiff could not be in the Arnold Unit with his C-Pap machine because it did not have a back-up generator.  Plaintiff alleges that this was not true.  Defendant Briddle ordered plaintiff to go to the infirmary.  Plaintiff filed another grievance which defendant Schores reviewed.  Defendant Schores ordered plaintiff back to the Arnold Unit even though plaintiff said he did not want to go there because he was afraid he would be retaliated against.  Plaintiff alleges that defendant Salzman's actions violated the ADA because he used plaintiff's disability to try and get him removed from the Arnold Unit.

In adverse action three, plaintiff alleges that in November 2004 defendant Schores ordered him to return to the Arnold Unit in an effort to conspire with the other defendants to violate plaintiff's First Amendment rights.

Plaintiff alleges that upon his return to the Arnold Unit, on November 25, 2004, at 11:25 p.m., defendants Tyler, Crawford and Griffith came to his cell and told him that he was

needed at the Arnold Unit Office. Defendant Tyler told him to lock his property because he most likely would not be returning. Before escorting plaintiff to the office, defendants Tyler and Crawford searched plaintiff and found nothing. When he reached the office, defendant Crawford told plaintiff that he was being charged with possession of an inmate manufactured weapon, a finger nail file. Plaintiff told him that he did not know what he was talking about. Defendants then sent plaintiff to administrative segregation (ad seg). Plaintiff alleges that his placement in ad seg violated his right to due process.

Defendant Granlees found plaintiff guilty of possessing the finger nail file and assessed 360 days of time credits. Plaintiff alleges that before the hearing, defendant Glenn instructed defendant Wannamaker not to give plaintiff the results of a voice stress analyst test. Plaintiff alleges that he was denied due process in connection with the disciplinary hearing.

Plaintiff alleges that in February 2005 he went to a classification committee hearing where defendants Prosper and Schores were present. The committee discussed sending plaintiff to another prison to serve a 360 security housing unit term. Defendant Schores spoke against this idea, stating that the weapon was just a fingernail file and he did not think that plaintiff was guilty. Plaintiff filed an inmate appeal regarding the disciplinary conviction, which defendant Grannis denied.

As relief, plaintiff seeks money damages.

The court will first address plaintiff's ADA claims. The ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I), public services (Title II), and public accommodations (Title III). PGA Tour, Inc. v. Martin, 532 U.S. 661, 674, 121 S. Ct. 1879 (2001). The court construes plaintiff's ADA claim as having been made pursuant to Title II.

Title II prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: 1) the plaintiff is an

individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's service, programs or activities; 3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

In his first claim, plaintiff alleges that defendant Salzman wanted plaintiff off the Arnold Unit for personal reasons. To the extent defendant Salzman used plaintiff's disability as a reason for having him removed from the Arnold Unit, plaintiff suggests that this reason was a ruse for the actual reason which was defendant's dislike of plaintiff. Therefore, defendant was not actually motivated by plaintiff's disability when he sought to have plaintiff removed from the Arnold Unit. In addition, plaintiff does not specifically describe the particular services, programs or activities that he was prevented from participating in as a result of his transfer to the different yard for what was an apparently brief time. For these reasons, plaintiff's first claim does not state an ADA claim.

In his second claim, plaintiff alleges that defendant Salzman, apparently still motivated by a personal dislike for plaintiff, sought to have him removed from the Arnold Unit based on the false reason that the yard had no back-up generator for his C-Pap machine. Plaintiff is again claiming that defendant Salzman used plaintiff's disability as a ruse to have him removed from the Arnold Unit, when defendant was actually motivated by personal reasons. In connection with this claim, plaintiff again does not specifically describe the particular services, programs or activities that he was prevented from participating in as a result of his transfer to a different yard. For these reasons, plaintiff's second claim does not state an ADA claim.

The court also observes that these allegations do not state a colorable constitutional claim. Plaintiff suggests that in attempting to have him removed from the Arnold Unit, defendant Salzman was motivated by personal reasons. In order to state a colorable

retaliation claim, plaintiff must plead facts suggesting that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1987); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff does not allege that defendant Salzman was motivated to retaliate against him for his exercise of any protected conduct. Plaintiff makes clear that defendant Salzman wanted him off the yard after they had a verbal altercation for which plaintiff was charged with a rules violation. Defendant Salzman's attempt to have plaintiff removed from the Arnold Yard based on a personal dislike of plaintiff does not state a colorable retaliation claim.

In claim three, plaintiff alleges that he was falsely charged with a rules violation report (possession of an inmate manufactured weapon). He also alleges that he was denied due process in connection with the disciplinary hearing, following which he was assessed 360 days of time credits.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

5

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck.

Plaintiff's claims implicate the validity of his disciplinary conviction.  Because plaintiff's disciplinary conviction has not been invalidated, expunged or reversed, his claims challenging this conviction are barred.

Plaintiff also alleges that defendant Grannis violated his constitutional rights by denying his administrative appeal regarding the disciplinary conviction.  Inmates lack a constitutional entitlement to a specific grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, the claims against defendant Grannis are without merit.

Plaintiff also alleges that defendants Proper and Schores violated his constitutional rights by discussing whether or not plaintiff should be transferred to another prison to serve a 360 day SHU term.  Plaintiff does not allege that he was actually transferred to a different prison to serve a SHU term.  Defendants' discussion of this issue did not violate plaintiff's constitutional rights.

Plaintiff alleges that defendant Schores conspired with the other defendants to violate plaintiff's First Amendment rights when he ordered plaintiff back to the Arnold Unit in November 2004.  Plaintiff has pled no specific facts in support of this conspiracy claim. Moreover, it is unclear how the decision to return plaintiff to the Arnold Unit implicates the First Amendment.  This claim should be dismissed because it's legal basis is not clear.

Plaintiff alleges that his transfer to ad seg after he was charged with the rules violation violated his right to due process. Due process is limited to conduct that amounts to an "atypical and significant hardship on relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). In order to succeed on this claim, plaintiff would have to plead facts demonstrating that the conditions of ad seg resulted in him suffering atypical and significant hardships in relation to the ordinary incidents of prison life. Because plaintiff has not described the conditions of ad seg in any way, this claim is without merit.

The court has spent considerable time and resources evaluating plaintiff's claims. See May 23, 2005, order. Because it does not appear that plaintiff can cure the pleading defects after having been granted two opportunities to do so, the court recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/11/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
ga336.am(2)